# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MARGUERITE WEISSER, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | Civil Action No. 13-1257 (ESH) |
| BARACK OBAMA, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION

Plaintiff Marguerite Weisser, who is proceeding *pro se*, has filed a complaint against a lengthy list of defendants, including the President of the United States, the First Lady, the Attorney General, the Secretary of Defense, the Chairman of Microsoft, her ex-husband, and others, alleging that the government has unlawfully connected to her brain and is using it for military projects against her will and also challenging her husband's custody of their minor child.

A district court may dismiss a complaint *sua sponte* prior to service on the defendants, pursuant to Federal Rule of Civil Procedure 12(h)(3), when it is evident that the court lacks subject-matter jurisdiction. *See Evans v. Suter*, No. 09-5242, 2010 WL 1632902 (D.C. Cir. Apr. 2, 2010) (citing *Hurt v. U.S. Court of Appeals for the D.C. Cir.,* No. 07-5019, 2008 WL 441786 (D.C. Cir. Jan. 24, 2008); *Scholastic Entertainment, Inc. v. Fox Entertainment Group, Inc.*, 326 F.3d 982, 985 (9th Cir. 2003); *Zernial v. United States*, 714 F.2d 431, 433-34 (5th Cir. 1983)). Subject matter jurisdiction is lacking where a complaint "is patently insubstantial presenting no federal question suitable for decision." *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994), *quoted in Tooley v. Napolitano*, 586 F.3d 1006, 1009 (D.C. Cir. 2009). A claim is "patently insubstantial" when it is "flimsier than doubtful or questionable . . . essentially fictitious." *Id*.

(internal quotations omitted); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, [or] obviously frivolous"); *see, e.g.*, *Peters v. Obama*, Misc. No. 10-0298, 2010 WL 2541066 (D.D.C. June 21, 2010) (sua sponte dismissing complaint alleging that President Obama had been served with and failed to respond to an "Imperial Writ of Habeas Corpus" by the "Imperial Dominion of Axemem," requiring the plaintiff's immediate release from a correctional institution).

To the extent they are comprehensible; plaintiff's allegations in the present case present "no federal question suitable for decision." *Best*, 39 F.3d at 330. She cites no legal authority for her complaint. Although mindful that complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers, *see Haines v. Kerner*, 404 U.S. 519 (1972); *Brown v. District of Columbia*, 514 F.3d 1279, 1283 (D.C. Cir. 2008), the Court clearly lacks the power to grant the relief plaintiff seeks.

Accordingly, the Court will dismiss this case *sua sponte* pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction.

An Order consistent with this Memorandum Opinion will be issued separately.

                                           /s/
                              ELLEN SEGAL HUVELLE
                              United States District Judge

Date: August 21, 2013