UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARGUERITE WEISSER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 13-1257 (RMC) |
| ) | |
| BARACK OBAMA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM OPINION

Plaintiff Marquerite Weisser, proceeding *pro se*, filed a complaint against a lengthy list of defendants, including the President of the United States, the First Lady, the Attorney General, the Secretary of Defense, the Chairman of Microsoft, her ex-husband, and others, alleging that the Government has unlawfully connected to her brain and is using it for military projects against her will. She also challenges her husband's custody of their minor child. Notably, she alleges that Defendants stole her identity "using 'Soul Catcher' micro chip technology," Compl. [Dkt. 1] at 6, and that "Defendants have full control of the Plaintiff's brain and body and use 95% of her body functions," *id*. at 21.

A district court may dismiss a complaint *sua sponte* prior to service on the defendants, pursuant to Federal Rule of Civil Procedure 12(h)(3), when it is evident that the court lacks subject matter jurisdiction. *See Evans v. Suter*, No. 09-5242, 2010 WL 1632902, at *1 (D.C. Cir. Apr. 2, 2010); *Zernial v. United States*, 714 F.2d 431, 433-34 (5th Cir. 1983). Subject matter jurisdiction is lacking where a complaint "is patently insubstantial presenting no federal question suitable for decision." *Tooley v. Napolitano*, 586 F.3d 1006, 1009 (D.C. Cir. 2009) (quoting *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994); internal quotation marks

omitted).  A complaint that alleges bizarre conspiracy theories, government manipulations of the mind, or supernatural intervention is essentially fictitious.  *Best*, 39 F.3d at 330-31; *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (federal courts are without power to decide claims if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly or plainly insubstantial, or obviously frivolous) (citations and quotation marks omitted); *see, e.g.*, *Peters v. Obama*, Misc. No. 10-0298, 2010 WL 2541066, at *2 (D.D.C. June 21, 2010) (sua sponte dismissing complaint alleging that President Obama had been served with and failed to respond to an "Imperial Writ of Habeas Corpus" by the "Imperial Dominion of Axemem," requiring the plaintiff's immediate release from a correctional institution).  Ms. Weisser's allegations of conspiracy and mind control in the present case are wholly and plainly insubstantial.

Further, to the extent that she seeks an award of child custody, the case falls within the domestic-relations exception to federal diversity jurisdiction.  "It is firmly established that the federal courts do not have diversity jurisdiction to grant divorces, determine alimony and support obligations, or resolve the conflicting claims of divorced parents to the custody of their children."  *Sutter v. Pitts*, 639 F.2d 842, 843 (1st Cir. 1981) (holding that federal court lacked jurisdiction to hear a suit asserting a demand for child custody); *see also Ellison v Sadur*, 700 F. Supp. 54, 56-57 (D.D.C. 1988) (federal court lacked jurisdiction over suit to enforce a marital separation and property settlement agreement).

Ms. Weisser cites no legal authority for her complaint; the facts alleged are fantastical; and the demand for child custody is outside this Court's jurisdiction.  Although mindful that complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Brown v. District of Columbia*, 514 F.3d 1279, 1283 (D.C. Cir. 2008), this Court clearly lacks the power to grant the relief Ms. Weisser seeks.

Accordingly, the Court will dismiss this case *sua sponte* pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction. A memorializing Order accompanies this Memorandum Opinion.

Date: August 27, 2013

/s/
ROSEMARY M. COLLYER
United States District Judge